UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PLANNED PARENTHOOD GULF COAST, INC., *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>REBEKAH GEE, in her official capacity as Secretary of the Louisiana Department of Health,<br><br>  Defendant. | No. 3:18-cv-00176-JWD-RLB |

## DECLARATION OF CECILE CASTELLO

I, Cecile Castello, declare and state as follows:

1. I am the Director of the Health Standards Section of the Louisiana Department of Health (the "Department"), having assumed that role in November of 2012.

2. I make this declaration in support of Defendant's Motion to Dismiss in the above-captioned case.

## LICENSING STANDARDS

3. The Department has statutory authority to license outpatient abortion facilities, or abortion clinics. La. R.S. §§ 40:2175.4, 40:2175.6.

4. The Department has statutory authority to regulate outpatient abortion facilities by promulgating rules, regulations, and licensing standards. La. R.S. § 40:2175.5.

5. The Department's Health Standards Section is principally responsible for the Department's licensing activities. The Department's Health Standards Section administers licensing rules, performs periodic inspections of licensed facilities, and investigates complaints directed at licensed facilities.

6. By statute, outpatient abortion facilities must comply with all applicable laws to be entitled to a license. La. R.S. § 40:2175.6(G). The Department interprets that requirement as including compliance not only with Louisiana law, but with federal law and the law of other States.

7. By statute, the Department may deny a license, may refuse to renew a license, or may revoke an existing license based on violations of law. *Id.* The Department's regulations interpret that statute to say that a facility must be in compliance with all applicable laws as a condition for issuance of a new outpatient abortion facility license. *See* La. Admin. Code § 48:4403(C).

## FACTS

8. Planned Parenthood Center for Choice ("PPCfC") is not currently licensed to provide abortions in Louisiana.

9. On October 3, 2016, the Department received an application from PPCfC for an outpatient abortion facility license.

10. On November 16, 2016, the Department sent PPCfC a letter directing PPCfC to correct deficiencies in its application.

11. On April 11, 2017, the Department received PPCfC's response to the Department's letter regarding deficiencies. The Department resumed review of PPCfC's application.

12. On May 30, 2017, the Department's Office of Public Health inspected PPCfC's proposed facility for the required sanitation inspection; an Office of Public Health inspection is required as a prerequisite for licensure as an outpatient abortion facility.

13. On June 13, 2017, the Department sent PPCfC a letter informing PPCfC that before granting or rejecting PPCfC's application, the Department must investigate allegations of violations of law by PPCfC and PPGC. A copy of that letter is attached as Exhibit A.

2

## THE DEPARTMENT'S LICENSING INVESTIGATION

14. I am aware that a Select Investigative Committee of the U.S. House of Representatives issued a report on December 30, 2016. The report contains a referral to the Texas Attorney General. A copy of that report is attached as Exhibit B.

15. I understand that a federal investigation of potential legal violations by Planned Parenthood and its affiliates is now pending. A letter inquiring about that investigation, which was sent to the U.S. Department of Justice by eighteen members of the U.S. House of Representatives, is attached as Exhibit C.

16. I have been informed by counsel that an investigation by the Texas Attorney General of potential legal violations by Planned Parenthood Gulf Coast and PPCfC is pending; I have been informed by counsel that the Department requested information about that investigation from the Texas Attorney General.

17. In response to the Department's first request, the Texas Attorney General's office supplied electronic copies of several public documents. A copy of the response letter the Department received from the Texas Attorney General's office, dated October 27, 2017, is attached as Exhibit D.

18. Further, I was informed that on March 2, 2018, the Texas Attorney General confirmed by letter that Texas continues to pursue an ongoing criminal and civil investigation, but asserted that Texas was unable to provide further details about the investigation. A copy of that letter is attached as Exhibit E.

19. The Department's ability to conduct a licensing investigation involving activity in other States is limited. Licensing of healthcare facilities is generally state-specific and jurisdiction is limited to the specific state's licensing statues. The Department's Health Standards Section has

3

no jurisdiction outside the borders of Louisiana and must rely on Texas authorities to complete its investigation of potential violations of Texas law.

20. On advice of counsel, the Department's Health Standards Section has been unable to make a decision on the licensing application of PPCfC due to the pending investigation by the Texas Attorney General's office and other law enforcement agencies.

21. I declare under penalty of perjury that the information set forth in this declaration is true and correct to the best of my knowledge, information, and belief.

Executed in Baton Rouge, Louisiana, this 4 day of April, 2018

*Cecile Castello*
Cecile Castello
Director, Health Standards Section
Louisiana Department of Health