# Exhibit E



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

March 2, 2018

To Whom It May Concern:

    It has come to my attention that litigation may be ongoing between Planned Parenthood Federation of America or an affiliated entity and the State of Louisiana. As I understand it, the litigation may involve assertions to which the State of Texas's investigation of Planned Parenthood involving the sale of fetal tissue are argued to be relevant.

    I am writing to confirm that the Office of the Attorney General of Texas currently has an open investigation of Planned Parenthood and that such investigation could potentially implicate both civil and criminal statutes.

    In Texas, it should be noted that documents related to pending civil and criminal investigations are considered by the State to fall within the litigation and law enforcement exceptions to the Texas Public Information Act. For example, State law protects information pertaining to the "detection, investigation, or prosecution of crime" from disclosure where "release of the information would interfere with the detection, investigation, or prosecution of crime." Tex. Gov't Code § 552.108(a)(1); *see also id.* § 552.103(a) (litigation exception). Texas courts have also recognized an independent law-enforcement privilege in the context of discovery in civil litigation. *Hobson v. Moore*, 734 S.W.2d 340, 341 (Tex. 1987); *see also Ex parte Pruitt,* 551 S.W.2d 706 (Tex. 1977) (holding trial court lacked authority to order discovery of materials in fire marshal's investigative file sought by a plaintiff in a civil case against their insurer).

    The same principles would apply to any documents the States of Texas or Louisiana may possess related to the State of Texas's investigation. Releasing documents related to such an investigation could compromise that investigation. *See id.* at 710. This is especially so when the documents are being disclosed to the entity being investigated. "The purpose of the [law-enforcement exception] is to prevent disclosure of information that, 'if released, would permit private citizens to anticipate weaknesses . . . avoid detection . . . and generally undermine police efforts to effectuate the laws of this State.'" *Texas Appleseed v. Spring Branch Indep. Sch. Dist.*, 388 S.W.3d 775 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Thus, if there are any documents in the State of Louisiana's possession that relate to any civil or criminal investigation in Texas of Planned Parenthood, they should be considered confidential and should not be required to be disclosed.

Sincerely,

Ryan Vassar
Deputy General Counsel